**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
Miguel Chavez, and Valenciano Chavez *on behalf*
*of themselves and others similarly situated in the*
*proposed FLSA Collective Action,*

Case No.:

                                        *Plaintiffs*,

**Jury Trial Demanded**

        - *against* -

<u>**COMPLAINT**</u>

Goodness Organic Deli Corp., and Ali Alotani,

                                        *Defendants*.
------------------------------------------------------------X

        Plaintiffs Miguel Chavez ("M. Chavez"), and Valenciano Chavez ("V. Chavez", and together with M. Chavez, the "Plaintiffs") on behalf of themselves and others similarly situated, by and through their attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to themselves and upon information and belief as to others, brings this complaint against Defendants Goodness Organic Deli Corp. (the "Corporate Defendant"), and Ali Alotani (the "Individual Defendant", and together with the Corporate Defendant, the "Defendants") and state as follows:

**NATURE OF THE ACTION**

        1.    Plaintiffs bring this lawsuit seeking recovery, for themselves and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

        2.    Plaintiffs seek injunctive and declaratory relief and to recover unpaid minimum wages, overtime wages, unpaid spread-of-hours, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

1

## JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216

(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiffs'

claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4.      This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28

U.S.C. § 1331 because their claims arise under the FLSA.

5.      Venue is proper in this District of New York under 28 U.S.C. § 1391(b) and (c),

because all events relevant to this action occurred in this District, and the acts and omissions

giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF MIGUEL CHAVEZ**

6.      Plaintiff M. Chavez was employed as a deli man and general worker at Defendants'

deli located at: 717 West 181st St., New York, NY 10033 a/k/a 1 Bennett Ave., New York, NY

10033 ("Goodness Organic Market").

7.      Plaintiff M. Chavez was employed as a non-managerial employee at "Goodness

Organic Market" from on or around December 2021 to, through and including December 4, 2022.

8.      At all relevant times, Plaintiff M. Chavez has been an employee within the

meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF VALENCIANO CHAVEZ**

9.      Plaintiff V. Chavez was employed as a deli man and general worker at Goodness

Organic Market.

10.     Plaintiff V. Chavez was employed as a non-managerial employee at Goodness

Organic Market from on or around June 2021 through and including December 4, 2022.

11.    At all relevant times, Plaintiff V. Chavez has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT GOODNESS ORGANIC DELI CORP.**

12.    Upon information and belief, Defendant Goodness Organic Deli Corp. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at 717 West 181st St., New York, NY 10033 a/k/a 1 Bennett Ave., New York, NY 10033.

13.    At all times relevant to this Complaint, Defendant Goodness Organic Deli Corp.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

14.    At all times relevant to this Complaint, Defendant Goodness Organic Deli Corp. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

15.    At all times relevant to this Complaint, Defendant Goodness Organic Deli Corp. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

16.    Defendant Goodness Organic Deli Corp. possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

17.    Defendant Goodness Organic Deli Corp. had the power to hire and fire Plaintiff,

3

control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

**DEFENDANT ALI ALOTANI**

18.    Defendant Ali Alotani is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

19.    Defendant Ali Alotani is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

20.    Defendant Ali Alotani possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

21.    Defendant Ali Alotani determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

22.    At all times relevant to this Complaint, Defendant Ali Alotani was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

23.    Defendants own, operate and/or control the deli located at 717 West 181st St., New York, NY 10033 a/k/a 1 Bennett Ave., New York, NY 10033  (*i.e.,* Goodness Organic Market).

24.    The Individual Defendant possesses operational control over the Corporate Defendant, possesses an ownership interest in the Corporate Defendant, and controls significant functions of the Corporate Defendant.

25.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the

employees.

26.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

27.     Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

29.     Upon information and belief, the Individual Defendant operates the Corporate Defendant as either an alter ego of himself, and/or fails to operate the Corporate Defendant as a an entity legally separate and apart from himself, by, among other things:

   a.     failing to adhere to the corporate formalities necessary to operate the Corporate Defendant as a separate and legally distinct entity;

   b.     defectively forming or maintaining the Corporate Defendant, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

   c.     transferring assets and debts freely as between all Defendants;

   d.     operating the Corporate Defendant for their own benefit as the majority shareholder;

   e.     operating the Corporate Defendant for his own benefit and maintaining control over them as closed corporations or closely controlled entities;

5

f.      intermingling assets and debts of their own with the Corporate Defendant;

g.      diminishing and/or transferring assets of the Corporate Defendant to protect his own interests; and

h.      other actions evincing a failure to adhere to the corporate form.

30.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

31.     Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

## FACTUAL ALLEGATIONS

### *Factual Allegations Pertaining Specifically to Plaintiff Miguel Chavez*

32.     Plaintiff M. Chavez was employed as a deli man and general worker at SILK Restaurant & Lounge.

33.     From approximately December 2021 through and including April 2022, Plaintiff M. Chavez worked as a deli man and general worker at "Goodness Organic Market", as follows: seven (7) days per week: from approximately 6:00 a.m. to 12:00 a.m. (*i.e.,* 18 hours per day), for a total period of approximately 126 hours during each of the weeks, respectively.

34.     From approximately May 2022 through and including December 4, 2022, Plaintiff M. Chavez worked as a deli man and general worker at "Goodness Organic Market", as follows: six (6) or seven (7) days per week: from either approximately 6:00 a.m. to 6:00 p.m. or from 7:00 a.m. to 7:00 p.m. (*i.e.,* 12 hours per day), for a total period of approximately 72 to 84 hours during each of the weeks, respectively.

35.     From approximately December 2021 through and including April 2022,

Defendants paid Plaintiff M. Chavez $12 per hour, for all hours worked.

36.     From approximately May 2022 through and including December 4, 2022, Defendants paid Plaintiff M. Chavez $14 per hour, for all hours worked, only on weekdays.

### *Factual Allegations Pertaining Specifically to Plaintiff Valenciano Chavez*

37.     Plaintiff V. Chavez was an employee of Defendants.

38.     Plaintiff V. Chavez was employed as a deli man and general worker at Goodness Organic Market.

39.     From approximately June 2021 through and including December 4, 2022, Plaintiff V. Chavez worked seven (7) days per week as follows: from approximately 1:00 p.m. to 12:00 a.m. (*i.e.,* 11 hours per day), for a total period of approximately 77 hours during each of the weeks, respectively

40.     From approximately June 2021 through and including December 4, 2022, Defendants paid Plaintiff V. Chavez $11 per hour, for all hours worked.

### *Factual Allegations Pertaining Specifically to all Plaintiffs*

41.     Plaintiffs were required to work in excess of forty (40) hours per week, but never received an overtime premium of one and one-half times his regular rate of pay for those hours.

42.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiffs regarding wages are required under the FLSA or NYLL.

43.     Defendants did not provide Plaintiffs a statement of wages, as required by NYLL 195(3).

44.     Defendants did not give any notice to Plaintiffs of their rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

45.     At all relevant times, Defendants did not pay Plaintiffs at the rate of one and one-

half times his hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

46.     Plaintiffs brings the First and Second Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to deli men and general workers) employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

47.     At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required minimum wage and overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiffs are essentially the same as those of the FLSA Collective Plaintiffs.

48.     The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

49.     Plaintiffs reserve the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

50.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

51.     Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

52.     Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs.

53.     Due to Defendants' violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

54.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

55.     At all relevant times to this action, Plaintiffs are covered, non-exempt employees within the meaning of the FLSA.

56.     Defendants were required to pay Plaintiffs one and one-half (1 1/2) times the regular rate at which Plaintiffs were employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

57.     Defendants failed to pay Plaintiffs the overtime wages to which they are entitled

under the FLSA.

58.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs overtime wages.

59.     Due to Defendants' willful violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq.*)

60.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

61.     Defendants willfully and intentionally failed to compensate the Plaintiffs with the applicable minimum hourly wage in violation of the NYLL §650 *et seq.*

62.     Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiffs.

63.     Due to Defendants' violations of the NYLL, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

### FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

64.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

65.     Plaintiffs are covered, non-exempt employees within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

66.     Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiffs one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

67.     Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the NYLL.

68.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

69.     Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

**FIFTH CLAIM**
**(NYLL – Spread-of-Hours Pay)**

70.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

71.     Defendants willfully failed to pay Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiffs' shifts spread over more than ten (10) hours.

72.     By Defendants' failure to pay Plaintiffs spread-of-hours pay, Defendants willfully violated §650 *et seq*. of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

73.     Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost

of the action and pre-judgment and post-judgment interest.

### SIXTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

74.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

75.     The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

76.     In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiffs at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

77.     Due to Defendants' violations of NYLL §195 (1), Plaintiffs are entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

### SEVENTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

78.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

79.     With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

80. As a result of Defendant's violation of the WTPA, Plaintiffs are entitled to damages of at least $150 per week during which the violations occurred.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a.   authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages, premium overtime wages and tips;

b.   certification of this case as a collective action pursuant to the FLSA;

c.   issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the FLSA Collective Plaintiffs;

d.   declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e.   declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

f.   declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

g.   declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

h.      awarding Plaintiffs unpaid minimum wages;

i.      awarding Plaintiffs unpaid overtime wages;

j.      awarding Plaintiffs unpaid spread-of-hours pay;

k.      awarding unpaid wages under New York State law for failure to pay timely wages;

l.      awarding Plaintiffs liquidated damages in an amount equal to the total amount of
        wages found to be due;

m.      awarding unpaid wages under the NYLL and the New York State contract law;

n.      awarding Plaintiffs statutory damages as a result of Defendants' failure to furnish
        accurate wage notice pursuant to the NYLL;

o.      rewarding Plaintiffs pre- and post-judgment interest under the NYLL;

p.      awarding Plaintiffs reasonable attorneys' fees and the costs and disbursements of
        this action; and

q.      Such other relief as this Court deems just and proper.

Dated: New York, New York
        December 21, 2022

                                Respectfully submitted,


                                By: /s/ Joshua Levin-Epstein
                                    Joshua Levin-Epstein
                                    Jason Mizrahi
                                    Levin-Epstein & Associates, P.C.
                                    60 East 42nd Street, Suite 4700
                                    New York, New York 10165
                                    Tel: (212) 792-0046
                                    Email: Joshua@levinepstein.com
                                    *Attorneys for the Plaintiffs and proposed FLSA
                                    Collection Action Plaintiffs*